## GEORGE F. WORK

### *v.*

## WILLIAM E. HALL *et al.*

1. CHANCERY—*decree pro confesso upon exceptions sustained to answer.* Where exceptions to an answer are allowed, and the remainder of the answer presents no material issue, and the defendant makes no further answer, it is proper to decree that the petition of the complainant be taken as confessed, for want of an answer.

2. MECHANIC'S LIEN—*what deemed the commencement of suit to enforce.* Where material was furnished by a firm, under a contract, up to a given time, when the firm was changed, one partner retiring and others becoming partners, and the contract was, by arrangement with all the parties, completed by the new firm, who were to be paid for all material furnished after that time, and a petition by the members of the original firm, to enforce a lien for all material furnished by both firms, under the contract, was filed, and subsequently a petition in the same case was filed by the new firm to enforce their lien, it was *held,* that the filing of the last petition should not be regarded as the commencement of the suit to enforce the lien of the petitioners therein, but that the filing of the first petition was, however irregularly, the commencement of the suit for that purpose, and it was competent, under the 12th and 13th sections of the statute relating to liens, for the members of the new firm to be made parties thereto, at any time before final judgment.

3. SAME—*liability of subsequent purchasers.* It is improper, in a proceeding to enforce a mechanic's lien, to decree that a defendant, who has no connection with the matter except as a subsequent purchaser of the property, shall pay the debt. Such purchaser is under no obligation to pay the debt, unless he chooses to do so to protect his title. The lien attaches to the property, but it can not be enforced against subsequent purchasers not otherwise liable for the payment of the debt, beyond the sale of the property.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. WILSON & PERRY, for the appellant.

Mr. B. M. MUNN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

William E. Hall and William E. Frost, composing the firm of Hall & Frost, filed their petition for a mechanic's lien, on the 11th of July, 1873, in the court below, alleging that George F. Work. holding a leasehold interest in certain described lots in the city of Chicago, on the 1st of October, 1872, formed a co-partnership with Thomas Wilson, for the erection of a business block thereon, of the value of $30,000; that Wilson & Work contracted with the petitioners to furnish for the buildings to be erected, doors, sash, blinds, lumber, etc., as might be called for, within one year from October 1, 1872; that, under the direction of the architect of Wilson & Work, petitioners immediately commenced to furnish such materials, and continued to do so until about April 30, 1873, when the building was completed; that the materials so furnished amounted, in the aggregate, to $2578.88; that, about the 15th of April, 1873, Work gave them a note for the first bill, $1292.90, due in sixty days, which has never been paid, and is worthless; that, on May 22, Work gave a note for the last bill, $1285.98, to W. E. Frost & Co.; that, some time in March, 1873, the firm of Hall & Frost was changed to that

of W. E. Frost & Co., William E. Hall retiring therefrom
and A. H. Leonard, D. Keller, A. Schilling and H. H. Drew
becoming members, but it was agreed by all the parties in
interest that said contract should be carried out between Wil-
son & Work and the petitioners, Hall & Frost, but that W.
E. Frost & Co. were to have the second bill of items, when
collected; and, at the time of the trial of this suit, the peti-
tioners ask that said second bill of items may be ordered
paid to W. E. Frost & Co., and the first to the petitioners,
and that the respective sums may be enforced against the
property described; that Henry M. Shepard pretends to have
some interest in the premises; also, the Citizens' Bank, and
some woman, whose name is unknown.

The prayer is, that the petioners' respective liens may be
enforced, etc.

The answer of George F. Work and the Citizens' Bank
sets up that, before the filing of the petition, the petitioners
voluntarily received and accepted, in full payment of their
claims, the promissory note of George F. Work & Co., com-
posed of George F. Work and Samuel Work; that Samuel
Work had no interest in the premises, said note being inde-
pendent security, and that petitioners thereby waived and
released all claim and right to any mechanic's lien; that
Henry M. Shepard has a mortgage on the premises for $25,-
000, payable five years from October 1, 1872; that, on Feb-
ruary 1, 1873, Work and wife executed a deed of trust on
the premises to George Scoville, to secure the payment of ten
bonds of $1000 each, payable five years after date, at ten per
cent, six of which were purchased for full value, before matu-
rity, by the Citizens' Bank, which still holds them; that, at
the time it purchased the bonds, it had no notice or knowl-
edge that the petitioners had any claim upon the premises,
but, upon the contrary, that, at and before the time of such
purchase, the written certificate of the architect was shown
the bank, which stated there were no mechanics' liens or
claims on the premises, and that the bank purchased the

bonds, relying on such certificate; and, in conclusion, they plead the acceptance of the notes of George F. Work & Co., by the petitioners, in bar of the relief prayed.

On the —— day of May, 1875, William E. Frost, A. H. Leonard, D. Keller, A. Schilling and H. H. Drew, composing the firm of William E. Frost & Co., filed their petition in the same suit, alleging that on or about the 15th of April, 1873, they formed a co-partnership, as mechanics and materialmen, etc., and since that time have been engaged in the manufacturing of sash, doors, blinds, etc.; that prior to April 1st, 1873, Hall & Frost had a verbal contract with Wilson & Work to furnish the doors, sash, blinds, etc., for the building to be erected by them, etc., the materials to be furnished as directed by the architect, at fair prices, and within one year, and to be paid for when furnished; that in pursuance of that contract, Hall & Frost furnished material until about the 1st of April, 1873, when the firm was dissolved, and the petitioners formed a new firm, under the name aforesaid, as successors in the same business; that there was then due Hall & Frost $1037.42, for materials furnished by them, for which amount Wilson & Work executed their note at sixty days; that by the consent of Wilson & Work, it was then agreed that the petitioners should go on and complete Hall & Frost's original contract, and furnish the balance of the material; that the petitioners went on and furnished the balance of the material, and, upon the completion of the job, Wilson & Work accepted the same; and on the 22d of May, 1873, they, or George F. Work & Co., gave petitioners their note for $1308.48 at sixty days; that neither of said notes was paid, and that there is now due them $1308.48, and interest since May 22d, 1873; that the building, exclusive of the lot and lease, is worth $30,000, and sufficient to pay all liens and incumbrances. The names of other incumbrancers are then given, after which, it is alleged Edwin Walker has some interest by recent purchase, and is made a defendant; that Hall & Frost have a claim in a suit now pending in

said court, upon said building, to the amount of $1037.42, which is a first lien on the building. The prayer is that the petitioners' claim for $1308.48 be allowed and declared a first lien, and that in default of payment the premises be sold.

The answer of Wilson & Work, The Citizens' Bank and Edwin Walker, admits that Hall & Frost furnished materials to the amount of $1037.42, as stated in the petition; and alleges that firm dissolved and went out of business about the 1st of April, 1873, taking in payment of their account the note of George F. Work & Co.; that after the dissolution of the firm, the petitioners, under a verbal arrangement with the architect of Wilson & Work, furnished materials to the amount of $1308.48, for which the firm of George F. Work & Co. gave their note at sixty days. They deny that the petitioners furnished the materials at the request of Hall & Frost; that it was verbally, or otherwise, agreed that the petitioners should complete the contract of Hall & Frost; that petitioners furnished any materials on account of Hall & Frost; but allege, on the contrary, whatever materials the petitioners furnished were furnished on their own account, and pursuant to the verbal agreement with the architect. They admit the materials were furnished and the building completed on or before the 22d of May, 1873, when said note for $1308.48 was executed. Walker, further answering, sets up the 28th section of chapter 82 of the Revised Statutes, entitled "An act to revise the law in relation to liens," against the petitioners' right to recover, inasmuch as the last payment claimed by the petitioners became due July 22d, 1873, and their petition to enforce their lien was filed on the 15th day of May, 1875, and that he had purchased and become the owner of the premises on the 4th of November, 1874, and placed his deed therefor on record on the 29th of December, 1874, more than six months after said last payment became due. The answer is verified by the oath of Walker.

Exceptions were filed to the answer, which the court sustained, 1st. Because the record shows petitioners were before

the court all the time since July 11th, 1873. 2d. Because the petition was a mere supplemental petition, and the object was to avoid a misjoinder. 3d. No subsequent incumbrance can defeat petitioners' claim. 4th. Walker's interest was subject to petitioners' claim.

Whereupon, the defendants making no further answer, it was decreed that the petition of W. E. Frost be taken as confessed by the defendants, for want of an answer.

It was referred to the master in chancery to take and report the evidence. He reported that in November, 1872, Wilson & Work made an oral contract with Hall & Frost for the materials, etc., specified in the petition, as furnished by Hall & Frost; that under such contract, Hall & Frost furnished materials, etc., to the amount of $1,037.44— which is due them upon a promissory note given by George F. Work, under the name of George F. Work & Co. He then gives the names of other intervening petitioners, and amounts due them, and then proceeds to state as follows : "As appears from the evidence, W. E. Frost & Co. furnished materials which went into said building, under contract with said Work, to the amount of $1,308.48, which sum should be allowed," etc.

It is contended that it appears from the petition of W. E. Frost & Co. that they are not entitled to any decree; that what materials, etc., they furnished were furnished under and in pursuance of the contract with Hall & Frost.

We are of opinion that it sufficiently appears from the allegations that W. E. Frost & Co. had a contract directly with Wilson & Work, after the dissolution of the firm of Hall & Frost, to furnish the remainder of the materials, etc., for the building, within the same time and upon like terms as provided by the contract with Hall & Frost. It is true, this is not stated in so many words, but such we regard as the necessary inference from what is stated; and, inasmuch as no objection was taken to the petition in the court below, we think

the question as to the sufficiency of the averment in this respect should be considered as having been waived.

It is next objected, that the court erred in decreeing that the petition of W. E. Frost & Co. be taken as confessed, for want of an answer.

In passing upon this point it will be necessary first to examine the exceptions sustained by the court to the answer.

The lien of the claim embraced in this petition was attempted to be enforced by suit, in the original petition of Hall & Frost, for the benefit of W. E. Frost & Co., and we are of opinion that the amendment of the proceedings allowing W. E. Frost & Co. to appear as petitioners, should not be regarded as the *commencement* of the suit to enforce the lien. Suit for that purpose was commenced, however irregularly or improperly. by the petition of Hall & Frost, and it was competent, under the twelfth and thirteenth sections of the statute relating to liens, to permit W. E. Frost & Co. to be made parties thereto, at any time before final judgment.

When the exceptions were allowed, we are unable to see that the remainder of the answer raised any material issue; and counsel fail to point out wherein it does so.

The evidence reported by the master shows that W. E. Frost & Co., after the dissolution of the firm of Hall & Frost, furnished materials, etc., under contract with Work. The only difference between the allegation in the petition and answer in this respect is, in the petition it is, among other things, alleged such materials were furnished at the request of Hall & Frost to complete their contract, etc., while the answer denies that Hall & Frost made such request, but alleges that they were furnished pursuant to a contract between W. E. Frost & Co. and the architect in charge of the work.

It appears from the petition, and it is not denied by the answer, that Hall & Frost make no claim for the materials furnished by W. E. Frost & Co., but concede that the amount due therefor is to be paid to W. E. Frost & Co. Under these

circumstances what possible difference can it make whether the materials were furnished pursuant to the request of Hall & Frost, or not? The material facts are that they were furnished under contract, of like terms with that between Work & Wilson and Hall & Frost, between them and Work & Wilson, or the architect, which does not seem to be disputed, and that Hall & Frost make no claim on that account.

In the answer to the original petition filed by Hall & Frost, it is set up and relied upon as a defense, that the petitioners accepted in payment of their claim the note of George Work and Samuel Work—being an independent security; but the answer to the petition of W. E. Frost & Co. simply alleges that George Work & Co. gave their note for the amount of the account, without adding that it was an independent security and accepted as a payment or satisfaction of the account,—hence no issue is made whether the note operated as a release of the lien.

We do not consider as deserving of special notice, any of the other allegations in the answer.

The form of the decree is, however, objectionable in several respects. In the first place, there is no apparent necessity why there should have been two decrees. It would seem that all could have been embraced in a single decree directing the payment of the claims of the different claimants, by name, and, in default, that the property be sold for that purpose. This, however, is a mere irregularity. But the decree that Walker shall pay the debt is improper. He was under no obligation to pay the debt unless he should choose to do so to protect his title. Under sec. 25, chap. 82, R. L. 1874, pp. 667–8, executions may issue on decrees in cases of this kind, for the balance found due after exhausting the proceeds derived from the sale of the property to which the lien attaches; and it would be manifestly unjust and inequitable to hold that a party should become liable for the payment of a debt to which he was not a party, merely because he was the purchaser of property upon which it was a lien, any further

than he might choose to do so to relieve the lien. The lien attaches to the property, but it can not be enforced against subsequent purchasers, who are not otherwise liable for the payment of the debt, beyond the sale of the property.

So much of the decree, therefore, as directs Walker to pay the debt is reversed, but it is, in all other respects, affirmed. Walker will recover his costs in this court.

*Decree reversed in part.*