PETER J. CLEVINGER *et al.*

*v.*

TIMOTHY ROSS *et al.*

*Filed at Springfield March 26, 1884.*

1. SALE UNDER TRUST DEED—*of the notice—after promise to make demand before sale.* Where the agent of the legal holder of a note secured by deed of trust containing a power of sale, and also agent of the trustee, promised the owner of the land, upon whom rested the duty to pay the note, after its maturity, that it need not then be paid until demand thereafter was made, and that such owner should have personal notice when payment should be required, and the trustee, without any personal notice or demand of payment, at the request of the holder of the note, advertised the property for sale in a newspaper published in a remote part of the county, having but a limited circulation outside of the township where it was published, and a sale was made by the trustee of the land to a son of the legal holder of the note, and a brother of the trustee, it was *held,* that the sale was invalid, and was properly set aside at the costs of the defendants.

2. In such a case, after having lulled the party who was to pay the note into security, the holder of the note could not, in violation of his promise, proceed to have the mortgaged property sold without personal notice; and the pretended notice by publication was a sheer mockery, and was in fact no notice, the publication being so made as to avoid giving notice.

3. SAME—*setting aside sale on terms—whether redemption will be required.* On bill filed to set aside a trustee's sale of land under a power in a trust deed, on the ground of its having been fraudulently made, in violation of an express promise, and for want of proper notice, there is no error in not requiring the complainant to pay the money necessary to redeem from the trust deed, where no cross-bill is filed by the creditor.

4. NOTICE—*by possession of land.* The possession of mortgaged premises is notice of the occupant's equities to a person purchasing the same at a trustee's sale under a power of sale, and such purchaser takes subject to whatever equitable rights the party in possession may have to avoid the sale.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GERE & BEARDSLEY, for the plaintiffs in error:

Where a sale is made in accordance with the requirements of a trust deed, the conveyance of the trustee to the purchaser is good, unless the sale is fraudulently or unfairly made. *Bloom* v. *Renssalaer,* 15 Ill. 507; *Heath* v. *Hall,* 60 id. 344.

This sale is attacked upon the ground of fraud and collusion. The burden of proof is upon the parties making the charge to prove it. *Brush* v. *Sherman,* 80 Ill. 160; *Dempster* v. *West,* 69 id. 613.

The charge is, a fraudulent conspiracy to deprive complainant of his property without notice, and that defendants, to effect this purpose, caused the notice of sale to be published in the "Home Enterprise." There is no proof as to conspiracy, and the circulation of the paper was shown to be over five hundred. It does not appear that there is any other paper published in the county which has a larger circulation, nor that there is any other paper published in the county. No personal notice was necessary. It was waived in the trust deed. *Princeton Loan and Trust Co.* v. *Munson,* 60 Ill. 371; Jones on Mortgages, sec. 1821.

In fact, no notice at all would be necessary, unless required by statute, or by the trust deed itself. *Davey* v. *Durant,* 1 DeG. & J. 535; Jones on Mortgages, sec. 1821.

No particular newspaper being designated, the trustee or mortgagee may select any suitable medium for publication, at his discretion, observing the general requirements of the trust, that he act in fairness and in good faith. It is not requisite that he should select the paper of the largest circulation, or of any particular class or character. A publication in a law and advertising journal of limited circulation has been held to be proper. Jones on Mortgages, sec. 1835; *Kellogg* v. *Carrico,* 47 Mo. 157; *Benkendorf* v. *Vincens,* 52 id. 441.

There was no extension of time made.    There was no writing made, nor any subsequent payment of interest offered or accepted.    The conversation had was not sufficient to make a binding contract.    *Yates* v. *Hackenthal,* 57 Ill. 534; Jones on Mortgages, sec. 1825.

There is no evidence that Charles H. Clevinger was not a *bona fide* purchaser, and as such he has acquired a valid title.    Jones on Mortgages, sec. 1898; *Hamilton* v. *Lubuke,* 51 Ill. 415; *Jackson* v. *Henry,* 10 Johns. 185.

The court erred in setting aside the sale without ordering payment to be made.    The party, to have such sale set aside, must tender or offer to pay the amount justly due.    *Saunders* v. *Frost,* 5 Pick. 259; *Bank of South Carolina* v. *Rose,* 1 Strobh. Eq. 257; *Hooper* v. *Bailey,* 28 Miss. 328.

Mr. E. L. SWEET, for the defendants in error:

The acts and promises of the *cestui que trust* were such as to beguile an ordinary man into a sense of security, and to believe that the power of sale would not be exercised without giving him a further opportunity to pay.    The trustee was the trustee of both parties, and it was as much his duty to take care of the residuary interest of the estate as to make the debt.    The immediate purchaser at such a sale must take notice.    *Cassell* v. *Ross,* 33 Ill. 244; *Reeves* v. *Allen,* 5 Gilm. 236.

In this case there was an evident attempt to fulfill the letter without observing the spirit of the contract as to giving notice of the sale.    The paper selected had comparatively no circulation in the town where the parties resided and the land was.    *Meacham* v. *Steele,* 93 Ill. 135.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case differs in no essential feature from *Webber* v. *Curtiss et al.* 104 Ill. 309.    Briefly, the case made is this: A trust deed is executed to secure the payment of a promis-

sory note, with a proviso that in default of payment at the maturity of the note, on application of the legal holder of the note, the trustee shall sell the premises described in the deed, after having given thirty days' previous notice of the time and place of sale by publication in any of the weekly newspapers published in the English language in Champaign county, etc. After the maturity of the note the agent of the legal holder thereof, and also of the trustee, promises the party then owning the land, and upon whom the burden of paying the note rests, that the note need not be paid when due, but shall remain unpaid until demand thereafter shall be made for that purpose, and that such party shall have personal notice when payment will be required thereafter. Then after so promising, by such agent, the legal holder of the note requests the trustee to proceed to sell, and he thereupon advertises the sale in a newspaper published in as remote a part of the county from where the land lies as is possible, which has no circulation in that township, and but a limited one in any part of the county outside of the township in which it is published. The sale is made pursuant to such publication, without any actual notice to the party upon whom the burden of paying rests, and a deed is executed to the purchaser, who is a son of the legal holder of the note, and a brother of the trustee. Meanwhile, the party upon whom rests the burden of paying, was in the actual possession of the property, claiming that under the promise made by the agent of the legal holder of the note, and of the trustee, he was entitled to personal notice before there could be any valid sale.

We think it clear the sale was invalid. The trustee was not caused to proceed promptly to sell upon default, and the legal owner of the note could not be allowed to have a sale, after having promised not to do so without personal notice, upon a secret publication. This would be allowing parties to make profit from their own falsehoods and faithlessness.

This pretended notice is a sheer mockery. It is not a notice. It is a publication so made as to avoid giving notice. The court very properly set the sale aside, and since those condemned to the payment of costs were all in the wrong we perceive no error in that regard.

There was no cross-bill filed by Charles Clevinger, and hence there was no error in not decreeing in his favor for redemption money. Charles Clevinger is not an innocent purchaser without notice. The possession of the defendants in error was enough to require him to ascertain the extent of their rights before purchasing.

The decree is affirmed.

<em>Decree affirmed.</em>