HENRY YATES, Insurance Superintendent,

*v.*

THE CONTINENTAL INSURANCE COMPANY.

*Opinion filed February 17, 1904.*

1. PLEADING—*decree pro confesso follows sustaining of exceptions to answer.* Upon the sustaining of the exceptions to the sufficiency of the answer to a bill in chancery a decree *pro confesso* upon the bill follows as a matter of course, if the portion of the answer not excepted to presents no material issue and the defendant makes no further answer.

2. INSURANCE—*superintendent of insurance may file cross-bill to enjoin company from continuing business.* Upon a bill to enjoin the superintendent of insurance from refusing to grant to complainant the usual rights of an insurance company, the defendant may, by cross-bill, ask for an injunction to restrain the complainant from further prosecuting the insurance business.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is a bill in chancery, filed on January 23, 1903, in the superior court of Cook county by the Continental Insurance Company against Henry Yates, as insurance superintendent of Illinois, which, as originally filed and as amended, prayed that said Yates should be enjoined from setting out by letter, or otherwise causing to be published, any statement derogatory to the interests of complainant, and denying that complainant is licensed by the department of insurance of Illinois, or by him, or by any means or manner saying or doing anything, which may tend to induce the insurance department, or other citizens of this State, to believe that complainant is not fully authorized to transact the business of insurance in the State of Illinois, and from in any manner refusing to grant to complainant the same privileges, as are by him and by the custom of his office granted and accorded to other insurance companies, organized under the laws of Illinois, and transacting business therein. The bill sets out the acts of the legislature, mentioned in the petition

for *mandamus* in the case of *Yates* v. *People ex rel.* (*ante*, p. 316,) and makes substantially the same allegations, as are made in said petition for *mandamus*, except that, in addition thereto, the bill here alleges that the insurance superintendent had written certain letters to parties making inquiries of him, stating that the Continental Insurance Company had no authority from the insurance department to transact business, and that no license or authority had been issued by the department to it to carry on the insurance business. The bill was answered by appellant, the insurance superintendent, admitting that the letters complained of were written, and making substantially the same allegations, as were made in the answer to the petition for *mandamus* in the other case. In the case at bar, the insurance superintendent in his answer and amended answer, and amendment to the amended answer to the bill, sets up that said insurance company has for a period of more than one year ceased to transact the business for which it was organized, and that its charter should be deemed and held extinct in all respects as if it had expired by its own limitation, and that the court should fix the time within which said corporation should close its concerns; and that, on or about the year 1887, the company ceased to transact any business whatever for which it was organized, and remained out of business for sixteen years thereafter, and, after it ceased to do business, did no business whatever under its charter, except as set out in the answer and amended answer, and then and there thereby abandoned its charter, and ceased for a period of sixteen years prior to the beginning of this suit to exercise any of the corporate powers granted to it by its charter, etc. The insurance superintendent also filed a cross-bill, an amended cross-bill and an amendment to the cross-bill, setting up the same allegations as to the cessation of business and abandonment of the charter as are specified in the answer, and praying in said cross-bill, as originally filed

207—33

and as amended, that the defendant below, the Continental Insurance Company, should be enjoined from further proceeding with its business, and asking for a receiver. The Continental Insurance Company filed a demurrer to the answer and the cross-bill of the superintendent, demurring to so much thereof, as stated that said corporation had for a period of more than one year ceased to transact the business for which it was organized, and that its charter should be deemed as extinct, etc. The company also filed an answer to so much of the cross-bill as was not demurred to. Subsequently, the company filed a general demurrer to the cross-bill as amended.

On March 4, 1903, the Continental Insurance Company filed exceptions to the answer of appellant to the bill of complaint, and one of the exceptions was, that "defendant does not set up any matter constituting a defense to the matters alleged in the bill."

On March 17, 1903, it was ordered, on motion of appellee's solicitor, that the exceptions, filed by appellee to appellant's amended answer to the original bill, and to such amended answer as amended, be sustained, to which there was objection and exception by appellant; and, at the same time, it was ordered that the demurrer to the amended cross-bill as amended be sustained. Thereupon, upon final hearing, the cross-bill was dismissed for want of equity, to which there were objection and exception by the cross-complainant; and it was further ordered, adjudged and decreed that the original bill, as amended, be taken for confessed as against appellant, and that he, as insurance superintendent, be enjoined in accordance with the prayer of the bill and amended bill. The present appeal is prosecuted from the decree so rendered by the court below.

FRED H. ROWE, for appellant.

J. H. WESTOVER, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

The questions in this case are substantially the same as the questions already discussed and disposed of in the case of *Yates* v. *People ex rel.* (*ante*, p. 316). The exceptions, filed to the amended answer as amended in the present case, were in the nature of a special demurrer to the answer. (*Story* v. *Livingstone*, 13 Pet. 359; *Stone* v. *Moore*, 26 Ill. 165). By sustaining the exceptions to the answer, the court held that the defense set up in the answer was insufficient. That defense was, that the charter of appellee had become extinct for the reason stated in *Yates* v. *People ex rel. supra*. In the brief filed in this case for appellee, it is said: "The only question, which arises in this case, is whether under the act of the legislature of the State of Illinois entitled 'An act in regard to the dissolution of insurance companies,' approved July 1, 1874, the charter of the appellee is extinct." As this question is decided in the other case, it is not necessary to re-discuss it here. We have held that, where exceptions to an answer are allowed, and the remainder of the answer presents no material issue, and the defendant makes no further answer, it is proper to decree that the petition or bill of the complainant be taken as confessed for want of an answer. (*Work* v. *Hall*, 79 Ill. 196; *Craig* v. *People*, 47 id. 487; *Bauerle* v. *Long*, 165 id. 340). The trial court having allowed the exceptions to the answer as having been well taken, the decree *pro confesso* upon the original bill followed as a matter of course, the appellant having failed to file a further answer, and having stood by the answer, to which the exceptions were sustained. But, for the reasons stated in the other case, we are of the opinion that the defense set up in the answer was a good one, and that the court erred in sustaining the exceptions to the answer, and in entering a decree in accordance with the prayer of the original bill.

We are also of the opinion that the court erred in dismissing the amended cross-bill as amended, for want of equity.   Section 3 of "An act to provide for the establishment of an insurance department and the appointment of an insurance superintendent," approved June 20, 1893, in force July 1, 1893, provides as follows: "The insurance superintendent shall possess and have all the powers, and he may perform all the duties in regard to the business of insurance in this State, which are now attached by law to the office of Auditor of Public Accounts, and the Attorney General.  And he shall exercise the same control over the insurance companies, their officers and agents in this State, * * * and may institute and prosecute in his name all suits and do all things heretofore required to be done by the laws of this State by the Auditor of Public Accounts, and the Attorney General."   Under the act of July 1, 1874, entitled "An act in regard to the dissolution of insurance companies," in force July 1, 1874, the State Auditor had the right to file a bill asking for an injunction to restrain the company from further prosecuting its business; and, therefore, the present appellant, as insurance superintendent, had the same right which was by the last named act vested in the State Auditor.  We see no reason why the insurance superintendent could not file his cross-bill in the present suit, asking for an injunction to restrain the company from further prosecuting its business.  A receiver also should have been appointed under the cross-bill, as provided in section 5 of said act of July 1, 1874.

Accordingly, the decree of the court below sustaining the exceptions to the amended answer as amended, and granting the relief asked by the original bill, and dismissing the cross-bill for want of equity, is reversed, and the cause is remanded to the superior court of Cook county with directions to proceed in accordance with the views herein expressed.          *Reversed and remanded.*