Fred J. Heeren and Katie C. Heeren, Defendants in Error, v. Delbert H. Smith and Avis M. Smith, Plaintiffs in Error.

Opinion filed June 4, 1934. Rehearing denied August 27, 1934.

JAMES O. MILLER and HENRY B. EATON, for plaintiffs in error.

SPRINGER & SPRINGER, for defendants in error.

Mr. Justice Stone delivered the opinion of the court.

Plaintiffs in error purchased a farm from the defendants in error on April 24, 1928, paying $5,000 in cash, and giving a mortgage to the Woodriver National Bank for $5,500, the balance of the purchase price. The mortgage contained a clause for accelerating the original five-year maturity upon default in the payment of interest or taxes. Plaintiffs in error made the payments called for until 1932, when they defaulted in the payment of interest and taxes. On November 7, 1932, defendants in error, assignees of the mortgage, filed a bill to foreclose the mortgage in the circuit court of Madison county, Illinois.

Plaintiffs in error answered, admitting the material allegations of the bill and asserting independent matters of defense, and also filed a cross-bill.

On exceptions to the answer, the circuit court struck out all the matters set up as defense. The court also sustained a demurrer to the cross-bill. Plaintiffs in error elected to abide by their answer and their cross-bill.

They now insist, as to the answer, that it sufficiently alleged defenses of merit, and that the exceptions to it are invalid because they describe the matter attacked by reference to page and line only. So far as the technical objection is concerned, we agree that the method of describing allegations only by line and page of a particular copy of an instrument is likely to lead to confusion, and is not commendable, but it does not seem to us that we should reverse this decree upon that ground, when it is clear to the parties, and to us that the circuit court struck all allegations of defenses from the answer, and the technical point seems to be first made in the reply brief filed here.

The matters urged in the answer as defense to the foreclosure on the defaulted debt are:

(1) The assignment from the Woodriver Bank to the defendants in error is void for uncertainty in that

it contains a guaranty of payment and an assignment without recourse. Whatever may be the uncertainty as to the liability of the assignor on its guaranty in case of default, we do not think that the validity of the assignment is affected.

(2) No notice was ever given by mortgagees of the exercise of the option in the mortgage to declare the whole sum due upon default. In the absence of a provision in the mortgage requiring personal notice of the election, the filing of the foreclosure bill is sufficient notice of the election. *Curran v. Houston,* 201 Ill. 442, on 446.

(3) The mortgage was made in the name of the bank to enable defendants in error to evade taxes and so defendants in error do not have clean hands. There is no charge that taxes were evaded, and this is not a transgression against plaintiffs in error. See *Carpenters' Union v. Citizens Committee,* 333 Ill. 225, on 238.

(4) That "Complainants falsely and fraudulently represented that the land was all tile drained, and that it had good and sufficient drainage, while in truth and in fact, 10 acres of said land is not drained at all, and in wet seasons, is entirely worthless, all of which was well known to complainants, and was not known to defendants."

We think the court properly sustained exception to this statement as a defense, because it is vague and uncertain. What 10 acres are in the pleader's mind? Does he refer to one tract of 10 acres, or 10 tracts of one acre each? Is the 10 acres not drained because there is no tile in it, or because tile does not operate? Would tile benefit the 10 acres? Is there damage? What is the damage? Is the 10 acres worthless in wet seasons for want of tile? Is a representation that land is all tile drained an assertion that tile was laid in the place or places the pleader has in mind? When was the want of tile discovered by plaintiffs in error?

The answer says that plaintiffs in error first defaulted in 1932 on an obligation given in April, 1928, not because any offset existed against their debt, but because they were unable to pay.

(5) The answer alleges that "At the time when the parties hereto were negotiating for the purchase of complainants' said 54 acre farm, defendants concluded for fear that they might lose the cash payment, then also lose the farm, they would be unable to purchase at the price of $10,500.00, demanded by complainants, whereupon the complainants, to close the deal and to induce defendants to buy, falsely and fraudulently, to get the $5,000.00, and then reclaim the farm, then and there agreed and promised that if defendants would buy at that price that in the contingency defendants concluded that the price was too high and the debt more than they could bear, they, complainants, would take back the farm so that defendants need have no fear of losing the $5,000.00, and then lose the farm too." This is followed by an allegation that after September, 1932, defendants in error "were asked to take the farm back."

While it is difficult to ascertain whether the plaintiffs in error seek to allege fraud or breach of contract in respect to the alleged agreement to take back, no difficulty results in the decision of the case. If the plaintiffs in error seek to show fraud, no grounds for relief are presented. The alleged representations are promissory and are not representations of fact.

"A promise made with an affirmative intent not to perform cannot be made the basis of an action for fraud. (*Keithley v. Mutual Life Ins. Co.*, 271 Ill. 584; *Grub v. Milan*, 249 Ill. 456.) While the statement of a matter in the future, if affirmed as a fact, may amount to a fraudulent misrepresentation, it must amount to an assertion of a fact, and not to an agreement to do something in the future. *Miller v. Sutliff*, 241 Ill. 521; *Day v. Fort Scott Investment Co.*, 153 id.

293; *Gage v. Lewis,* 68 id. 604; Pomeroy's Eq. Jur. Sec. 877.'' *Bielby v. Bielby,* 333 Ill. 478, 485.

If the plaintiffs in error seek to show breach of contract the statute of frauds prevents their showing the contract to permit rescission, for the alleged agreement refers to the sale of an interest in land. The contention of plaintiffs in error that, to permit the statute to be invoked here would be to enable the defendants in error to perpetrate a fraud, cannot prevail, because as we have stated above, the alleged deceitful promises do not constitute fraud. Neither can the agreement be taken out of the statute of frauds upon the theory of part performance for the reason that all the acts in this case are perfectly consistent with the written contract. ''To take a parol agreement for the conveyance of real estate out of the Statute of Frauds on account of part performance all acts performed thereunder must be referable to the contract.'' *Keller v. Joseph,* 329 Ill. 148, on 156. We find nothing in this case to establish that any act done is referable only, or at all, to the alleged oral contract.

The alleged agreement in this case amounts to an agreement to rescind the sale contract and the mortgage in case they become unbearable, and is therefore in contradiction of the terms and meaning of the written contracts. The parol evidence rule is therefore involved. The case of *Lanum v. Harrington,* 267 Ill. 57, is in point. The court there said in reference to an alleged agreement by which a vendor agreed not to crowd the vendees for payment under a contract for deed and agreed to take payment out of one vendee's share in the other's estate (on pp. 63, 64):

''By accepting the bond for deed appellants made its terms and conditions their contract with appellee, and it was not possible for the parties to so change its terms by parol agreement that appellee could not compel the payment of any part of the amount contracted to be paid, but on the other hand was bound to

make one of appellants a gift of the whole amount due upon his death.''

Plaintiffs in error also assign as error the fact that there was no rule taken requiring them to make further answer. We are of the opinion that the rule does not apply in this case for two reasons. First, plaintiffs in error elected to abide by their answer. Second, the rule does not apply to those cases where the portions of the answer which remain after the court has sustained exceptions, neither deny nor avoid material allegations of the bill. *Yates v. Continental Ins. Co.,* 207 Ill. 512, 515; *Dillinger v. Dillinger,* 140 Ill. App. 6, 8.

The cross-bill of plaintiffs in error is based solely on the agreement to repurchase or permit rescission, quoted above, and prays that defendants in error be required to elect between taking back the farm, and allowing recoupment to plaintiffs in error of any loss through the purchase of the land. In support of the cross-bill, *Dunlap v. Pierce,* 336 Ill. 178, is relied on for the position that one induced by fraudulent representations to sign a note and mortgage may wait until action of foreclosure is instituted, and claim recoupment of damages in the foreclosure proceeding. Counsel for plaintiffs in error insist that they do not ask rescission, but the forcing of an election upon their adversaries which will give them either rescission or recoupment, and that the cross-bill sufficiently alleges a fraudulent representation to bring them under the protection of the *Dunlap* case, *supra.* Supposing, without agreeing, that there is a substantial distinction between the demand made by plaintiffs in error, and a demand for performance of an oral promise to permit rescission, we think the cross-bill does not state a case for relief under the authority cited.

The representation relied on in the *Dunlap* case was a statement, false in fact, that the land involved had actually sold in the immediate past, for a sum more

than twice its actual value. This is clearly a false representation of fact. It clearly distinguishes the case at bar from the *Dunlap* case, and in our opinion the allegations of the present cross-bill fall under the rule of the *Bielby* case, *supra.* In the *Dunlap* case, *supra,* as we read it, recoupment of various claims was denied by the Supreme Court upon the same ground we have stated elsewhere in this opinion, that the existence of damage, and the relation of any damage to the representation complained of, was too much left to conjecture.

For the reasons here given, we are of the opinion that the decree of the circuit court of Madison county ought to be, and it is hereby, affirmed.

*Affirmed.*