FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee, v. JAMES E. SCHILDGEN *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—91—2585

Opinion filed September 1, 1993.

Robert E. Cleveland, of Chicago, for appellant James E. Schildgen.

Codilis & Associates, of Darien, and Samuel H. Levine, of Harold I. Levine, Ltd., of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Federal National Mortgage Association, filed an action to foreclose its mortgage on a condominium unit (subject property/property in question) owned by defendant, James E. Schildgen, located at 1605 West Chase, No. 3W, in Chicago, Illinois. Plaintiff subsequently filed an amended complaint and a motion for summary judgment. Later, defendant Schildgen filed a motion to strike and dismiss both the motion for summary judgment and an amended complaint. Defendant Schildgen's motion was denied and he was given seven days to respond to the motion for summary judgment and to file an answer to the amended complaint. Defendant Schildgen filed a motion for change of venue which was later denied. The court subsequently granted summary judgment to plaintiff and entered a judgment of foreclosure and sale concerning the subject property. We affirm.

The issues before this court for review are (1) whether it was proper for plaintiff to attempt to foreclose on a mortgage on the subject property after defendant Schildgen's debts had been discharged by the United States Bankruptcy Court pursuant to chapter 7 of the United States Bankruptcy Code (Code) (11 U.S.C. §523(a) (Supp. III 1991)); (2) whether the trial court gave defendant Schildgen sufficient time to answer plaintiff's motion for summary judgment since he had a seven-day period within which to answer both plaintiff's amended complaint and motion for summary judgment; (3) whether the trial court abused its discretion in denying defendant Schildgen's motion

for a change of venue; and (4) whether the trial court erred in granting plaintiff's motion for summary judgment on the basis that it failed to respond to the affirmative defenses raised in defendant Schildgen's answer to the amended complaint.

In December of 1986, the United States Bankruptcy Court ordered that defendant Schildgen be discharged from his debts pursuant to chapter 7 of the Code (case number 86B 09168). On May 4, 1990, plaintiff filed a complaint to foreclose its mortgage on the subject property. Plaintiff subsequently filed an amended complaint which corrected the date of default written in the complaint.

Defendant Schildgen filed a number of affirmative defenses as well as an answer, but the trial court refused to rule on the defenses or to conduct a hearing as to their validity. One of the defenses to the action was the prior discharge of defendant Schildgen's debts by the bankruptcy court. On January 29, 1991, plaintiff filed an answer to defendant Schildgen's affirmative defenses.

On May 22, 1991, plaintiff filed a motion for summary judgment. Defendant was granted 14 days to file his response to the motion.

On June 3, 1991, defendant filed a motion to strike and dismiss both the motion for summary judgment and the amended complaint. On June 20, 1991, the motion to strike and dismiss was denied. Defendant Schildgen was then granted seven days to respond to the motion for summary judgment and to file his answer to the amended complaint. Defendant Schildgen filed an answer to the amended complaint.

On June 24, 1991, defendant Schildgen filed a motion for change of venue. On July 3, 1991, this motion was denied. The trial court then granted summary judgment to the plaintiff and entered a judgment of foreclosure and sale.

■ First, defendant Schildgen contends that it was improper for plaintiff to bring an action to foreclose on the lien of the subject property because it had been discharged in bankruptcy. Plaintiff maintains that it is permitted to ignore the bankruptcy proceeding and to look to its lien on the subject property for satisfaction of defendant Schildgen's debt. We agree.

In the present case, plaintiff's foreclosure action was filed subsequent to the discharge of defendant Schildgen's debt by the bankruptcy court. Section 362(a) of the Code prohibits a creditor from enforcing a claim against the debtor while a bankruptcy case is proceeding. (11 U.S.C. §362(a) (1988).) The default upon which plaintiff bases its foreclosure, however, occurred in September of 1989,

which was after defendant Schildgen's (the debtor's) discharge in bankruptcy.

Moreover, plaintiff's claim against defendant could not have been voided by defendant's bankruptcy proceeding. A discharge granted to a debtor under the Code relieves the debtor of his obligations; however, a lien is still enforceable. "A long line of cases *** allows a creditor with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and look to the lien for satisfaction of the debt." (*In the Matter of Tarnow* (7th Cir. 1984), 749 F.2d 464, 465; see also *In re Woodmar Realty Co.* (7th Cir. 1962), 307 F.2d 591, 594-95.) A mortgage is a lien upon real property. (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 222-24, 473 N.E.2d 930, 933-34; *Board of Directors of Olde Salem Homeowners' Association v. Secretary of Veterans Affairs* (1992), 226 Ill. App. 3d 281, 288, 589 N.E.2d 761, 766.) A secured claim against the debtor and the debtor's property is only voided if there is a hearing on the merits of the claim and the claim is disallowed for substantive reasons. (*In the Matter of Tarnow*, 749 F.2d at 465.) In the present cause there was no hearing on the merits of a proof of claim wherein the claim was disallowed.

■ Defendant Schildgen also argues that plaintiff should be precluded from foreclosing on the lien because he did not file a proof of claim. Although plaintiff did not file a proof of claim, its failure to do so does not bar it from foreclosing on the subject property since the Code does not operate to extinguish a lien on property passing through bankruptcy for which no proof of claim is filed. *In re Thomas* (11th Cir. 1989), 883 F.2d 991, 997.

Upon applying the controlling case law to the present case, we find that plaintiff's foreclosure action was proper and that the action was not voided by plaintiff's failure to file a proof of claim, or defendant Schildgen's discharge in bankruptcy. Accordingly, we conclude that the trial court did not err in permitting plaintiff to bring this foreclosure action against defendants.

■ Defendant Schildgen next contends that the trial court erred by allowing him only seven days within which to answer both plaintiff's amended complaint and plaintiff's motion for summary judgment, because he did not have sufficient time to respond to the motion for summary judgment. Plaintiff maintains that defendant Schildgen was given sufficient time to respond to the motion for summary judgment. We agree.

Plaintiff concedes that the initial motion for summary judgment presented on May 22, 1991, was the same motion for summary judg-

ment that was presented on January 7, 1991. When the motion was initially presented on May 22, 1991, defendant Schildgen was given 14 days to respond. On June 3, 1991, defendant filed a motion to strike and dismiss the motion for summary judgment and the amended complaint. On June 20, 1991, the motion to strike and dismiss was denied and defendant Schildgen was given seven more days to respond to the motion for summary judgment. The hearing on the motion for summary judgment did not occur until July 3, 1992, giving defendant Schildgen a reasonable amount of time to respond to the motion in question.

Furthermore, defendant Schildgen's reliance upon the case of *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 447 N.E.2d 1358, is misplaced as *Midwest Bank & Trust Co.* is distinguishable from the present case. In *Midwest Bank & Trust Co.*, defendants made a motion to strike and dismiss the complaint orally and without notice to plaintiffs. The trial court permitted plaintiffs to respond to defendants' motion at the time it was made. The trial court then dismissed the cause on that same date. (*Midwest Bank & Trust Co.*, 113 Ill. App. 3d at 966-67, 447 N.E.2d at 1360.) This scenario did not occur in the present case.

■■ Next, defendant Schildgen alleges that the trial court abused its discretion when it denied his motion for a change of venue. Plaintiff maintains that the trial court's ruling on the motion was proper because the motion was not verified as was required by section 2—1001(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(c)), and because the motion was filed subsequent to substantive rulings in the case. We agree.

Section 2—1001(c) of the Code of Civil Procedure states in pertinent part:

"2—1001. Change of venue

\* \* \*

(c) Every application for a change of venue by a party or his or her attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case \* \* \*." Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(c).

The record in the present case shows that defendant Schildgen's motion for a change of venue was not verified by an affidavit. A petition for change of venue which is not verified by the affidavit of the

petitioner may be disregarded. *M. Loeb Corp. v. Brychek* (1981), 98 Ill. App. 3d 1122, 1128, 424 N.E.2d 1193, 1198; *Hoover v. University of Chicago Hospitals* (1977), 51 Ill. App. 3d 263, 265-66, 366 N.E.2d 925, 928.

The motion for a change of venue was also filed subsequent to the trial court's rulings on substantial issues in this case. In *Swanson v. Randall* (1964), 30 Ill. 2d 194, 198, 195 N.E.2d 656, 659, the Illinois Supreme Court ruled that "a petition for change of venue comes too late when it is presented after the judge has ruled on a substantive issue in the cause." The *Swanson* court concluded that a petition for change of venue was too late because it was presented after the trial court had denied defendant's motion to strike the complaint. *Swanson*, 30 Ill. 2d at 198, 195 N.E.2d at 659; see also *American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 127-28, 371 N.E.2d 232, 235-36.

*Swanson* is analogous to the present case. In the present case, defendant Schildgen's motion to strike and dismiss plaintiff's amended complaint and motion for summary judgment was filed on June 3, 1991. On June 20, 1991, the court denied defendant Schildgen's motion. This ruling constituted a ruling on a substantial issue.

Accordingly, we find that the trial court did not abuse its discretion when it denied defendant Schildgen's motion for a change of venue.

■ Finally, defendant Schildgen contends that the trial court erred in granting plaintiff's motion for summary judgment on the basis that plaintiff failed to respond to the five affirmative defenses raised in defendant Schildgen's answer to the amended complaint. Plaintiff maintains that the trial court's grant of summary judgment was proper because the affirmative defenses raised in the answer to the amended complaint are the identical affirmative defenses raised in defendant Schildgen's answer to the initial complaint and plaintiff filed an answer and response to the affirmative defenses raised in defendant Schildgen's answer to the original complaint, in which it denied the material facts raised in the affirmative defenses.

The five affirmative defenses raised in the answer to the amended complaint were as follows: (1) plaintiff's failure to reestablish strict compliance and failure to give defendant Schildgen a "reasonable" time for performance prior to initiating an action for foreclosure; (2) plaintiff's failure to give notice; (3) statutory cure and reinstatement; (4) bankruptcy; and (5) illegal actions by the Internal Revenue Service.

The record shows that the above defenses are the same defenses raised in defendant Schildgen's answer to the original complaint. The record also shows that plaintiff filed an answer and response to the above affirmative defenses. The record reveals that these defenses are the same defenses that plaintiff failed to respond to after they were raised in defendant Schildgen's answer to the amended complaint. The record also shows that plaintiff responded to the identical affirmative defenses raised in defendant Schildgen's answer to the original complaint and that response denied the material facts raised in the affirmative defense. Since the subsequent affirmative defenses in defendant's answer to the second set of affirmative defenses which plaintiff failed to respond to were identical to the previous affirmative defenses which plaintiff did respond to, the trial court's grant of summary judgment should not be reversed on the basis that plaintiff failed to respond to defendant's affirmative defenses presented subsequent to the amended complaint.

Moreover, none of defendant Schildgen's defenses are sufficient to preclude plaintiff from obtaining summary judgment in the present foreclosure action, as none of the defenses presents a genuine issue of material fact legally sufficient to bar summary judgment because they do not constitute defenses to an action for foreclosure on a mortgage. See *St. Charles National Bank v. Ford* (1976), 39 Ill. App. 3d 291, 294-96, 349 N.E.2d 430, 433-34.

The first affirmative defense, whereby defendant Schildgen contends that plaintiff must first request that he strictly comply with the mortgage and give him a "reasonable" period of time for performance prior to instituting foreclosure proceedings, is not a defense sufficient to preclude summary judgment. The cases relied upon by defendant Schildgen in support of this allegation concern the common law procedure for forfeiture with respect to installment contracts and warranty deeds. (See *Lang v. Parks* (1960), 19 Ill. 2d 223, 166 N.E.2d 10; *Kingsley v. Roeder* (1954), 2 Ill. 2d 131, 117 N.E.2d 82; *Clevinger v. Ross* (1884), 109 Ill. 349; *Allabastro v. Wheaton National Bank* (1979), 77 Ill. App. 3d 359, 395 N.E.2d 1212; *Heeren v. Smith* (1934), 276 Ill. App. 438; and *Donovan v. Murphy* (1920), 217 Ill. App. 31.) The above cases are not applicable to a mortgage foreclosure governed by the Illinois Mortgage Foreclosure Law. (Ill. Rev. Stat. 1989, ch. 110, par. 15—1101 *et seq.*) A notice to the mortgagor from the mortgagee requesting strict compliance with the provisions of the mortgage is not required under the Mortgage Foreclosure Law prior to the mortgagee's initiation of foreclosure. (Ill. Rev. Stat. 1989, ch. 110, par. 15—1101 *et seq.*) The other case relied upon by defendant

Schildgen, *Verner v. McLarty* (1957), 213 Ga. 472, 99 S.E.2d 890, is also distinguishable from the present case because it was decided under a different statutory scheme. For the above reasons, this affirmative defense is insufficient to bar summary judgment.

The second affirmative defense is also insufficient to bar summary judgment. Defendant Schildgen alleges that plaintiff failed to comply with the "servicing" requirements of the Department of Housing and Urban Development (HUD) prior to foreclosing on his mortgage. (24 C.F.R. §§203.604, 203.606 (1989).) Defendant Schildgen relies upon *Bankers Life Co. v. Denton* (1983), 120 Ill. App. 3d 576, 579-81, 458 N.E.2d 203, 205-06, and *Federal National Mortgage Association v. Moore* (N.D. Ill. 1985), 609 F. Supp. 194. These cases, however, are distinguishable from the present case because both cases solely concern mortgage foreclosure actions involving mortgages insured by HUD. The subject property in the present case was not insured by HUD. Defendant Schildgen's second affirmative defense, therefore, does not preclude summary judgment.

The third affirmative defense, entitled "statutory cure and reinstatement," also fails. Section 15—1602 of the Mortgage Foreclosure Law provides for a statutory right of reinstatement of a mortgage within 90 days of service of summons upon the mortgagor. (Ill. Rev. Stat. 1989, ch. 110, par. 15—1602.) The record in the present case does not reflect any interference with defendant Schildgen's statutory right of reinstatement. In fact, the judgment of foreclosure and sale was entered on July 3, 1991, which was over 90 days after defendant Schildgen submitted himself to the jurisdiction of the court and filed his answer to the complaint of June 12, 1990.

The fourth affirmative defense of bankruptcy was previously addressed in this opinion and we have already noted that it is insufficient to preclude summary judgment.

The fifth affirmative defense of illegal actions by the Internal Revenue Service is also insufficient to defeat summary judgment because this defense does not arise out of a transaction in which the note and mortgage were given. Equities which may be interposed as a defense to a foreclosure must arise out of the transaction in which the note and mortgage were given. (*Klehm v. Grecian Chalet, Ltd.* (1987), 164 Ill. App. 3d 610, 615, 518 N.E.2d 187, 190.) In the present case, plaintiff merely gave defendant Schildgen a loan, it did not engage in any illegal or improper activity, and it was not guilty of "unclean hands." Plaintiff was therefore entitled to enforce the mortgage. See *Guaranty Federal Savings & Loan Association v. American National*

*Bank & Trust Co.* (1987), 157 Ill. App. 3d 176, 188-89, 509 N.E.2d 1313, 1322.

For the above reasons, the alleged affirmative defenses are not legally sufficient to defeat summary judgment, even if certain facts mentioned in some of the defenses were admitted. Defendant Schildgen does not deny the default, the amounts claimed by plaintiff or any other material facts which would preclude plaintiff from obtaining judgment of foreclosure and sale. Accordingly, we find that the trial court did not err in granting plaintiff's motion for summary judgment on the basis that plaintiff failed to respond to the five affirmative defenses raised in defendant Schildgen's answer to the amended complaint.

For the above reasons, we affirm the trial court's grant of summary judgment.

Affirmed.

TULLY, P.J., and CERDA, J., concur.