RADIE SLATTEN, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

(No. 55481;

First District (2nd Division)—June 12, 1973.

*Rehearing denied July 25, 1973.*

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Peter Fitzpatrick, Assistant Corporation Counsel, of counsel,) for appellant.

Philip E. Howard, of Chicago, (William J. Harte, of counsel,) for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

On September 17, 1964, Radie Slatten, plaintiff, a 68-year-old woman, allegedly tripped and fell on a public sidewalk near her home in the City of Chicago. Suit was instituted to recover damages from defendant for resulting personal injuries. A jury returned a verdict in favor of plaintiff in the amount of $44,000. The court entered judgment on the verdict.

Defendant, in appealing from the judgment and denial of a motion for new trial, asserts it was denied a fair trial by the court's refusal to order plaintiff to appear for a discovery deposition before trial, and alleged prejudicial trial misconduct of plaintiff's attorney.

To consider defendant's principal claim of error, a detailed review of the evidence is not necessary. Defendant urges it was effectively prevented from taking plaintiff's discovery deposition before trial as the result of the court orders and action of plaintiff. Plaintiff contends the court did not abuse its discretion and defendant was not prejudiced by the trial court refusing to postpone the trial. This issue depends entirely upon an understanding of the pre-trial discovery record. The following is a chronological review of the essential record:

Sept. 17, 1964 Accident.

Nov. 15, 1964 Plaintiff entered Cook County Hospital.

Jan. 19, 1965 Plaintiff served a Notice of Claim for Personal Injuries on defendant listing both Cook County Hospital and

Dr. Patejdl as attending physicians in addition to their respective addresses.

Jan. 22, 1965 Plaintiff filed her complaint.

Feb. 10, 1965 Defendant filed its answer.

Defendant filed written interrogatories to plaintiff and notice to plaintiff of such filing.

June 2, 1965 Plaintiff's attorney took her evidence deposition in the presence of defendant's counsel.

June, 1967 Plaintiff left Chicago to live in Tennessee. No notice to defendant.

Oct. 8, 1968 Defendant filed interrogatories to plaintiff.

Jan. 27, 1969 Plaintiff filed answers to defendant's interrogatories.

June 9, 1969 Defendant served notice that plaintiff's discovery deposition would be taken on July 9, 1969.

Plaintiff failed to appear for her deposition on July 9, 1969, and, at the request of plaintiff's attorney, the deposition was continued to August 6, 1969. Plaintiff failed to appear.

Aug. 21, 1969 Defendant filed a motion to strike plaintiff's complaint and dismiss suit for her failure to appear at either deposition. The motion judge entered an order that plaintiff submit herself for a discovery deposition prior to trial or be barred from testifying at trial.

Aug. 28, 1969 Plaintiff, upon an attorney's affidavit, filed a motion to vacate the August 21 order. The affidavit, in substance, noted the previous evidence deposition, that plaintiff was then 73 years old, an invalid, and residing in Tennessee. The motion judge vacated the August 21 order.

Sept. 16, 1969 Defendant filed a motion that the court either order plaintiff to appear for a discovery deposition or strike her complaint. Pursuant to that motion, the motion judge entered the following order:

"This cause coming on to be heard on motion of the defendant for an order for the plaintiff to appear for deposition, or in the alternative, to strike plaintiff's complaint for failure of plaintiff, Radie Slatten, to appear for deposition pursuant to notice, and the Court being advised in the premises:

IT IS HEREBY ORDERED the plaintiff appear for her discovery deposition prior to her appearing and testifying in person on the trial of this cause; and in the event she fails to so submit for a discovery deposition she will be barred from testifying in person on the trial, but none of the above will in any way preju-

dice plaintiff's right to have her Evidentiary Deposition read at the trial of this cause."

On June 19 (Friday), 1970, in the late afternoon, the case was assigned for trial to Judge Herbert C. Paschen. On Monday, June 22 (before the trial judge), defendant moved that the City of Chicago be permitted to take plaintiff's discovery deposition the following morning and that the case be continued for 60 days to allow the defendant to conduct an investigation of the information produced by the deposition. After an extensive discussion and review of the record, the trial judge said:

"I'll put the case over until tomorrow morning to try in here—take a discovery deposition, see what develops, if anything."

Defendant, relying upon its right to take a discovery deposition, declined the trial judge's offer.

During the trial, defendant learned, for the first time, that two doctors other than those mentioned in the answers to its interrogatories had examined the plaintiff, and that plaintiff, at her attorney's request, had returned to Chicago on April 4, 1970, for a medical examination. One of the doctors testified as to his examination of the plaintiff on April 4, 1970, but the other, who had examined plaintiff some three weeks after the alleged fall, had died on February 15, 1969.

Plaintiff points out that her evidence deposition was taken on June 2, 1965, in the presence of defendant's counsel, and that four and one-half years elapsed from the date of the accident before defendant sought a discovery deposition.

The Illinois Supreme Court rules provide (amongst other things) for both evidence and discovery depositions; orders to prevent abuse; time to initiate discovery; sequence of, and diligence in discovery (Ill. Rev. Stat. 1969, ch. 110A, par. 201). The rules further provide "If both discovery and evidence depositions are desired of the same witness they shall be taken separately   *   *   *."  S. Ct. Rule 202.

Clearly the supreme court rules authorize both evidence and discovery depositions, and do not set a time within which discovery must be completed. It follows that defendant had a right to take plaintiff's discovery deposition unless defendant did not exercise due diligence in seeking the deposition. One year before the case was assigned for trial, defendant sought to take plaintiff's discovery deposition. Thereafter, plaintiff secured a continuance, failed to appear on the rescheduled date, and engaged in court actions, which effectively avoided plaintiff's appearance. In fact, approximately two and one-half months prior to the trial date, plaintiff appeared in Chicago for a physical examination. At that time, plaintiff did not advise defendant of her presence notwith-

standing the aforesaid order of September 16, 1969. It is also to be noted that on June 22, 1970, in the colloquy between the trial court and counsel, at which time defendant requested the 60-day continuance, plaintiff's counsel did not mention that plaintiff had been in Chicago on April 4, 1970, and did not mention that she had been examined by a doctor who not only would testify for the plaintiff, but whose name and address had not been previously furnished to the defendant.

It therefore follows that, in disposing of the issues before us, we must evaluate on the one hand, whether the defendant's rights were affected by plaintiff's actions subsequent to Judge Hallett's September 16, 1969 order, while on the other hand, whether defendant exercised due diligence in its attempt to take plaintiff's discovery deposition.

In *In re Estate of Atwood* (1968), 97 Ill.App.2d 311, 240 N.E.2d 451, a case involving the failure of a party to appear for a deposition, Mr. Justice Burman's remarks are pertinent (p. 324):

> "A litigant may not disobey the Court's orders and then attempt to negotiate with the Court by offering to comply with an order more to his liking.
>
> * * *
>
> Judicial orders are the most solemn acts of the court, and if they are not obeyed they cease to be judicial; therefore, the remedy for enforcing these orders represents the life line of the court."

In *Tansey v. Robinson* (1960), 24 Ill.App.2d 227, this court found the trial court abused its discretion in denying discovery depositions to the moving party and, thereafter, granting summary judgment to the other side. Mr. Justice Schwartz said (p. 235):

> "Litigation is not to be regarded today as a battle of wits, but should be directed toward a discovery of the facts and an application of the law so that justice may be done. [Citations.]"

Plaintiff urges that this court's decision in *Anastos v. O'Brien* (1972), 3 Ill.App.3d 1015, 279 N.E.2d 759, gives the trial court "wide discretion" in the fashioning of discovery orders, and that, absent some clear showing of prejudice, the defendant is not entitled to a new trial. (*City of Chicago v. Albert J. Schorsch Realty Co.* (1968), 95 Ill.App.2d 264, 279, 280, 238 N.E.2d 426, 434). The discovery problems involved in the cited cases are not comparable to the issue raised in this appeal.

■■ Plaintiff's attempt to deprive defendant of a discovery deposition on the basis that it participated in plaintiff's evidence deposition, overlooks the distinction in our supreme court rules. This distinction is clearly set forth in Cleary's Handbook of Illinois Evidence, 2nd ed., par. 1.5, p. 7:

"Uniquely, Illinois distinguishes between depositions for discovery and depositions for use in evidence. The notice of taking is required to state the kind of deposition to be taken, and, absent specification, the deposition is for discovery only. *Supreme Court Rule* 19. (now Rule 202)

The difference is significant. Discovery depositions are used primarily to obtain information, to commit witnesses to particular stories, and to obtain admissions from opposing parties. Their admissibility in evidence is limited. See § 1.15 *infra.* Evidence depositions, on the other hand, are admissible as fully as would be the testimony of the deponent if present in person at the trial, provided the requirements of unavailability set forth in Supreme Court Rule 19-10(3) (now Rule 212(b)) are met.

Knowing in advance that a deposition is for discovery only and hence of limited admissibility, counsel ordinarily do not urge technical objections, and the taking of the deposition proceeds informally and expeditiously."

■■ The right of any party to a discovery deposition is basic and fundamental in today's adversary system, and, accordingly, the right of one party imposes a duty on the other party. That duty cannot be avoided by technical maneuvers or other conduct which results in destroying the purpose of modern discovery principles.

Defendant's four and one-half year delay in commencing the discovery deposition procedure is not to be approved. However, in this case, defendant commenced efforts to secure the deposition one year before the case was assigned for trial. Thereafter, the record clearly established that plaintiff engaged in a course of action, the result of which defeated defendant's right to the discovery deposition.

■■ The September 16, 1969, order by Judge Hallett may be subject to more than one interpretation. However, we are confident the court did not intend to provide plaintiff a technical shield behind which she could hide in an effort to avoid the discovery deposition. In fact, a careful reading of the order suggests Judge Hallett undoubtedly intended that plaintiff's evidence deposition be used at trial in lieu of her testimony only if the prerequisites of unavailability set forth in Supreme Court Rule 212(b) exist. Plaintiff's disregard of this order and the said discovery rules, coupled with the failure to advise defendant of plaintiff's presence in the city over two months prior to assignment to trial, and the failure to advise the trial judge and counsel of this fact on the date of the motion for 60 days continuance, clearly constitute a course of conduct aimed at avoiding plaintiff's duty to give a discovery

deposition. Under such circumstances, compelling defendant to proceed to trial, without the benefit of a discovery deposition, violates defendant's right to a fair trial.

Having reached the aforesaid conclusion, it is unnecessary to consider defendant's claim of prejudicial trial misconduct of plaintiff's attorney.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial consistent with the views expressed herein.

Reversed and remanded.

STAMOS, P. J., and LEIGHTON, J., concur.