*In re* MARRIAGE OF OREN PEOPLES, Petitioner-Appellant, and
CAROLYN PEOPLES, Respondent-Appellee.

Fifth District    No. 79-503

Opinion filed April 28, 1981.

Law Offices of William M. Schooley, of Granite City, for appellant.

Edward Neville, of East St. Louis, for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Oren Peoples, appeals from the order of the circuit court of Madison County entered pursuant to a judgment for dissolution of marriage, in which an order was entered concerning the parties' marital property and awarding maintenance to respondent, Carolyn Peoples.

The parties were married on June 21, 1958, and three children were born of the marriage: Nancy, born May 28, 1962; Michelle, born December 7, 1964; and John, born December 22, 1973. Petitioner, who is employed as an ironworker, earned $19,351 in 1977 and $17,164 in 1978. Respondent was unemployed at the time of trial due to mental health problems and was residing with her parents.

Petitioner filed a complaint for divorce on March 7, 1977. In his complaint he prayed that respondent be given permanent custody of the children and that the marital home be sold and the proceeds divided. Respondent filed an answer and a counterclaim for separate maintenance, in which she prayed for maintenance, child support, and attorney fees. Petitioner filed an answer to the counterclaim and subsequently filed an amendment to the complaint, alleging that respondent was not a fit and proper person to have custody of the children of the parties and praying that petitioner be awarded their sole custody. In September 1978, petitioner, without leave of court, filed an amended petition for dissolution of marriage in which he asked for custody of the children, child support, sole ownership of the marital home, and such other relief as would be just. Respondent did not file an answer to the amended petition.

The case was tried March 9, 1979, based on a stipulation as to the evidence. The trial court entered an order the same day awarding permanent custody of the children to petitioner and maintenance in the amount of $250 a month to respondent. It was further ordered that petitioner pay to respondent $6500 within 90 days as her share of the equity in the marital home and for any and all arrearages in maintenance. Respondent was ordered to convey her interest in the home to petitioner upon his payment of the $6500 to her. The court further ordered that in the event petitioner did not make the $6500 payment to respondent within 90 days as ordered, the marital home was to be sold and the $6500 paid to

respondent from the proceeds of the sale. The court made no provision for the disposition of any excess that might exist from the proceeds of sale after the payment to respondent of the $6500, nor did it make any provision for the payment of the balance of the $6500 in the event the marital home sold for less than such amount.

On appeal, petitioner raises the following issues: (1) that the trial court had no authority to order the sale of the home because petitioner had not prayed for a sale of the home in his amended petition for dissolution; (2) that the court's order was against the manifest weight of the evidence; (3) that the award of maintenance was against the manifest weight of the evidence; and (4) that the court was without authority to enter any order in this case due to the fact that respondent failed to file an answer to the amended petition, resulting in the entry of a void judgment.

The first issue raised by petitioner on appeal concerns the authority of the court to order the sale of the marital home. Petitioner's initial complaint for divorce prayed that the court order the marital home to be sold and the proceeds divided between the parties. In his amended petition for dissolution, petitioner prayed that he be awarded sole ownership of the marital home. Plaintiff contends that in the absence of a specific prayer for sale of the marital home, the court is without the authority to order what, in effect, is a partition of the property. Petitioner relies on *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 356 N.E.2d 164, in support of this position.

■■ The record indicates that petitioner filed the amended petition for dissolution on September 7, 1978, but that he failed to obtain leave of court as required by section 46 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46). While a properly filed amended petition would have operated to withdraw the original complaint (*Yarc v. American Hospital Supply Corp.* (1974), 17 Ill. App. 3d 667, 307 N.E.2d 749), an amendment to a pleading which is filed without leave of court to do so constitutes grounds for striking such amendment, and the amendment must be disregarded on review. (*Hallmark Personnel, Inc. v. Pickens-Kane Moving & Storage Co.* (1980), 82 Ill. App. 3d 18, 401 N.E.2d 1049; cf. *Johnson v. Wright* (1921), 221 Ill. App. 6.) Therefore, the issue of the sale of the marital home was before the court because petitioner prayed for such relief in his initial complaint for divorce. Moreover, had petitioner's amended petition properly been filed with leave of court, the trial court still would have authority to fix the parties' interests in the marital home. In his amended petition petitioner prayed that he be awarded sole ownership of the marital home and such other relief as was equitable. This request by petitioner was sufficient to place the issue of the disposition of the marital home, including a possible sale, before the

trial court. *In re Marriage of Woolsey* (1980), 85 Ill. App. 3d 636, 406 N.E.2d 1142.

Petitioner further contends that the trial court was without authority to enter any order because respondent failed to answer the amended petition. Having concluded that the amended petition is not properly before the court, this issue also is resolved. Respondent filed an answer to the original complaint and a counterclaim for separate maintenance, which is sufficient to bring the cause to issue. Moreover, if petitioner's amended petition was properly before the court, petitioner waived his right to object to the failure of respondent to answer by proceeding to trial without voicing an objection in the trial court. *Larson v. R. W. Barrowdale Co.* (1964), 53 Ill. App. 2d 104, 203 N.E.2d 77.

Petitioner next contends that the trial court's disposition of the marital home and award of maintenance was against the manifest weight of the evidence.

■■ The order of the trial court provided that petitioner pay respondent $6500 for her share of the equity in the marital home within 90 days and that in the event such sum was not paid within 90 days, the house was to be sold and respondent was to be paid $6500 from the proceeds of the sale. Petitioner argues that it is a financial impossibility for someone of his income and position to obtain $6500 within 90 days and that the court, in effect, had ordered a forced sale of the home. Petitioner contends that to order a sale of the marital home disregards the preference expressed in sections 503(c)(4) and 503(c)(8) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 503(c)(4) and 503(c)(8)) for awarding the marital home to the custodial parent.

■■ The distribution of marital property is within the discretion of the trial court, and it will not be disturbed except for a clear abuse of discretion. (*In re Marriage of McMahon* (1980), 82 Ill. App. 3d 1126, 403 N.E.2d 730.) Among the factors to be considered in dividing the marital property under section 503(c), in addition to the custodial provisions for the children, are the relevant economic circumstances of the parties, their occupations, income and skills and the reasonable opportunity of each for the future acquisition of capital assets and income. In the instant case, the trial court properly awarded the marital home to petitioner upon the condition that within 90 days he pay respondent $6500 for her share of the equity in the home and in payment of all arrearages in maintenance. The trial court did not order a sale of the marital home. Petitioner was free to refinance the house in order to make the required payment to respondent. Such a solution was reasonable in light of all the factors required to be considered under the provisions of section 503(c). The marital home was the major asset of the parties, and petitioner had not complied with the

order of the court requiring him to pay temporary maintenance. Respondent was without funds, assets, income, or employment and not likely to secure any of them in the near future. Under these circumstances, the court correctly ordered respondent to be paid the arrearages in maintenance as well as her portion of the equity in the marital home. Thus, provision was made for payment of the past-due maintenance and an equitable disposition of the marital property was effected while meeting the needs of both parties—that is, petitioner's need for a home for the children and respondent's need for funds. We therefore conclude that the trial court did not abuse its discretion in ordering respondent to be paid $6500 out of the proceeds of the sale of the marital home in the event she was not paid such sum by petitioner within 90 days of the date of the court's order.

■■■ The trial court's order further provided that petitioner pay respondent $250 a month maintenance. Petitioner contends that in view of the fact that his monthly expenses for the family exceed his monthly income, he is unable to pay respondent maintenance. Respondent, however, is currently without any income and unable to support herself through employment due to her continuing mental health problems. An award of maintenance is within the discretion of the trial court and will not be disturbed on review absent an abuse of discretion. (*In re Marriage of Reyna* (1979), 78 Ill. App. 3d 1010, 398 N.E.2d 641.) The evidence presented at trial indicated that while petitioner had limited income, respondent had no income and poor prospects for employment. Further, based on petitioner's estimated monthly expenses as reflected in the bystander's report which was filed in lieu of a report of proceedings, the trial court was justified in entering the order requiring petitioner to pay respondent $250 per month maintenance. Petitioner's estimate includes $100 per month for clothing and $434 per month for food and lunches for his daughters. The court was justified in not accepting petitioner's estimate as to the amount of these expenses. Therefore, we conclude that the trial court did not abuse its discretion in awarding respondent maintenance.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

JONES and HARRISON, JJ., concur.