**In re the Marriage of Beverly A. GOAR, Petitioner, Respondent,**

v.

**Donald K. GOAR, Appellant.**

**No. C3–84–2074.**

Court of Appeals of Minnesota.

May 28, 1985.

tion; however, in view of our disposition, we          deny the motion.

Robert L. McCollum, Minneapolis, for respondent.

Leslie A. Gelhar, Minneapolis, for appellant.

Heard, considered, and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Appellant father Donald K. Goar appeals from those provisions of an amended judg-

ment and decree of marriage dissolution which order immediate sale of the parties' homestead, deviate downward from the Guidelines in setting respondent mother Beverly A. Goar's child support, make no provision for child support cost-of-living adjustments, do not include a child support wage withholding clause, award mother the dependency tax exemption for one of four minor children, and require that father maintain $25,000 life insurance. We affirm in part, reverse in part, and remand.

## FACTS

The parties were married on February 24, 1961. They have six children, four of whom were minors, ages 4, 6, 14, and 16, at the time of the marriage dissolution.

The parties' primary asset is their homestead, purchased in 1963. The homestead's current fair market value is approximately $85,000, and is encumbered by a $7,500 mortgage. The monthly mortgage principal, interest, taxes and insurance payment on the homestead is $250.

The mother is an assistant manager at a life insurance company. Her net monthly income is approximately $945. She has received pay increases yearly. Her last increase was $75 per month. She expects another increase this year. The father is an upholsterer. His net income is approximately $1270 per month. He and his son also earn $600 per month from a paper route that both work on each morning. In addition, husband earns an undetermined amount from moonlight upholstery work that he does in the home. One son works part time.

The October 1, 1984 amended judgment and decree granted the parties joint legal custody of the minor children. Physical custody of all four minor children was granted to the father. Neither party contests custody.

## ISSUES

1. Did the court abuse its discretion by ordering immediate sale of the homestead

instead of allowing its use to the father for a reasonable time?

2. Did the court abuse its discretion by deviating downward from the child support guidelines?

3. Did the court err by not providing for cost-of-living adjustments in child support?

4. Did the court err by not providing for a wage withholding clause relating to the child support?

5. Did the court err by awarding the dependency tax exemption of the youngest child to the mother?

6. Did the court err by requiring the father to maintain $25,000 life insurance?

## ANALYSIS

1. Despite father's request that he and the four minor children be permitted to remain in the homestead, the court ordered that it be sold "immediately" and that the net proceeds be divided equally between the parties.

As an asset, the homestead is given special consideration when the court divides marital property pursuant to a judgment and decree:

> The court, having due regard to all the circumstances and the custody of children of the parties, may award to either party the right of occupancy of the homestead of the parties, exclusive or otherwise, upon a final decree of dissolution or legal separation or proper modification of it, for a period of time determined by the court. An award of the right of occupancy of the homestead, whether exclusive or otherwise, may be in addition to the maximum amounts awarded under sections 518.58, 518.61 and 518.611.

Minn.Stat. § 518.63 (1984).

■ Once the court has taken into consideration "all the circumstances and the custody of the children," its disposition becomes a matter of discretion. *Filkins v. Filkins*, 347 N.W.2d 526 (Minn.Ct.App. 1984).

Minnesota courts have not yet addressed the issue of whether a court has erred by ordering immediate sale of the homestead when the custodial parent requests the homestead's use. Other jurisdictions have found an abuse of discretion in these circumstances. *Cutler v. Cutler,* 421 So.2d 585 (Fla.App.1982) (absent compelling circumstances, occupancy of the homestead must be awarded to the custodial parent); *Pino v. Pino,* 418 So.2d 311 (Fla.App.1982) (wife and minor children could not acquire equal living accommodations for an amount equal to the monthly cost of mortgage payments; occupancy granted until youngest child is emancipated or custodial parent remarries); *McIlwain v. McIlwain,* 441 So.2d 517 (Miss.1983) (paramount question is children's best interests; occupancy granted until children are emancipated or custodial parent remarries); *VanLoon v. VanLoon,* 132 Vt. 236, 315 A.2d 866 (1974) (immediate sale of the homestead is "inconsistent with the welfare of the children"; sale provisions should permit custodial parent to "buy-out noncustodial parent's interest"); *compare Peoples v. Peoples,* 96 Ill. App.3d 94, 51 Ill.Dec. 514, 420 N.E.2d 1072 (1981) (noncustodial parent's mental illness and inability to earn a living justified immediate sale).

■ Minnesota courts frequently have approved of awarding possession of the homestead to the custodial parent and postponing its sale until the children are emancipated. *Yackel v. Yackel,* 366 N.W.2d 382 (Minn.Ct.App.1985); *Filkins; Thomas v. Thomas,* 356 N.W.2d 76 (Minn.Ct.App. 1984); *Kerr v. Kerr,* 309 Minn. 124, 243 N.W.2d 313 (1976). Deferring the sale "operate[s] to encourage the continued occupancy of the homestead by the parties' minor children." *Kerr,* 309 Minn. at 127, 243 N.W.2d at 315. Both Minnesota case law and section 518.63 recognize that occupancy of the homestead has direct impact on children's welfare.

■ The trial court here made no finding to indicate it had considered the impact which immediate sale of the homestead would have upon the parties and upon the best interests of the minor children. Father is the custodian of four minor children, two high schoolers, one grade schooler, and one pre-schooler. Presumably all have school and neighborhood relationships and loyalties. In addition to his regular employment duties, father assists one son with a morning paper route. Father also does some upholstery work in the homestead. One son has a part time job at a local market. Moving could disrupt these activities, relationships, and family stability. Finally, the cost of maintaining the homestead is modest. Obtaining adequate and comparable living quarters for father and the four minor children could greatly increase their living expenses. The court has set child support at a modest figure. Increased living expenses caused by the immediate sale of the homestead could generate a motion for increased support payments.

Balanced against the considerations affecting father and the minor children is mother's desire to obtain her share of the homestead equity immediately. While we are not insensitive to her understandable wish to have these funds made available to her immediately, we cannot affirm the trial court determination to order an immediate homestead sale.

■ This court can discern from the record none of the balancing and weighing which must inevitably accompany a trial court decision to add the additional trauma of change of residence to that already present in the lives of children as a result of their parents' marriage dissolution. In so holding, we recognize, of course, that there may sometimes be circumstances which would necessitate the immediate sale of a homestead against the wishes of the custodial parent. These circumstances might include, but not be limited to, a prohibitively high cost of maintaining the homestead. We do not find such circumstances here. As already indicated, the monthly cost of residing in the homestead is modest.

We therefore must remand this issue to the trial court to allow consideration of all

relevant circumstances here present. The trial court shall then, in its discretion, determine what period of continued occupancy of the homestead would be in the best interests of the minor children and most appropriately satisfy the request of mother and father.

Finally, the trial court shall include an appropriate provision which would enable father at his discretion to satisfy mother's lien by refinancing or some alternative means other than sale of the homestead.

2. The court required mother to pay child support in the amount of $150 per month to be reduced by $37.50 per month as each child became emancipated. Mother's monthly net income according to the findings was approximately $945. Based on these earnings, her presumptive contribution to support the four minors would be $340.20 per month. Minn.Stat. § 518.551, subd. 5 (1984).

■ A departure downward must be accompanied by express written findings regarding the financial resources and needs of the children. *Letourneau v. Letourneau,* 350 N.W.2d 476 (Minn.Ct.App.1984); Minn.Stat. § 518.17, subd. 5 (1984). The initial judgment and decree contained no findings on this issue. In the amended judgment and decree, the trial court gave the following reasons for departing downward:

> [The mother] does not have sufficient financial resources to pay child support in accord with guidelines established by Minn.Stat. § 518.551. [She] has been paying the sum of $150 per month as child support pursuant to a temporary order of this court. The oldest of the two youngest children of the parties is now in school full time and is no longer in need of full-time daycare. The reasonable needs of the children are being met at this time.

■ It appears the temporary order, in fact, was for approximately $130 per month. The remainder of the court's findings are supported by the record. The trial court appeared to rely primarily upon the fact that one of the minor children no long-

er needed full time day care to justify its downward departure from the guidelines amount. We do not believe that fact alone is a sufficient basis for departure. However, under the particular facts of this case, we are compelled to conclude that the trial court did not abuse its discretion. We are mindful that our decision to insist on deferment of the sale of the homestead results in the custodial parent and minor children's continued residence therein at modest monthly expense. *Kerr,* 309 Minn. at 127–128, 243 N.W.2d at 315. At such time as the homestead is sold or refinanced to satisfy mother's lien, a request for increased child support may be appropriate.

■ 3. The court waived cost-of-living adjustments for child support payments. This may be done if the court expressly finds that the noncustodial parent does not receive cost-of-living adjustments in her own salary. Minn.Stat. § 518.641, subd. 1 (1984). The court made such a finding. However, the finding is not supported by the evidence. The mother testified that her salary increases yearly. The last increase was $17 per week. There was no evidence that this is not a cost-of-living adjustment. Therefore, the court erred. On remand, the trial court shall provide for a cost-of-living adjustment clause in its provision for child support.

■ 4. Whenever support is ordered, the law requires that a wage withholding provision be included in the judgment and decree. Minn.Stat. § 518.611, subd. 1 (1984). No such provision was made here. On remand, the court shall provide for such wage withholding as part of the child support provision.

■ 5. The court awarded to the father the dependency tax exemptions for the three oldest children. The dependency tax exemption for the youngest child was awarded to the mother. The father contends that this was error.

The applicable federal tax regulation reads in pertinent part as follows:

(2) Decree or agreement. A noncustodial parent who provides at least $600 for the support of a child during the calendar year shall be treated as having provided more than half the support of the child if the decree of divorce or of separate maintenance * * * provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 as an exemption for the dependent child. In order for this subparagraph to apply, the noncustodial parent must provide at least $600 for the support of each child he claims as a dependent.

Treas.Reg. § 1.152–4(d)(2).

Under the present decree, the mother pays $150 per month or $1800 per year for the support of four children. That is less than $600 per child per year. Thus, while the Treasury regulations recognize the right of a court to allocate income tax deductions to a noncustodial parent, mother does not qualify because she does not, in fact, pay $600 per year for that child for whom she seeks the deduction. The trial court's award of the youngest child's dependency deduction to the mother had no legal effect.

 6. Finally, the father argues that the court erred by requiring him to maintain $25,000 in life insurance on which the children are named as beneficiaries. We agree.

It is desirable that the children be protected in the event of loss of either parent. However, neither the trial court nor respondent cites any authority under which a custodial parent, already obligated to discharge the substantial financial responsibilities associated with having custody of minor children, may be required to assume the additional burden of insurance.

### DECISION

1. The trial court abused its discretion in ordering immediate sale of the homestead.

2. The trial court did not err by deviating downward from the child support guidelines.

3. The trial court erred by failing to include a cost-of-living adjustment provision in the child support provision.

4. The court erred by failing to include a wage withholding provision in child support.

5. The court's award of a dependency tax exemption to the mother had no legal effect.

6. The court erred by requiring the father to maintain $25,000 in life insurance.

We affirm in part, reverse in part, and remand.