**In re the GUARDIANSHIP of Rose A. GLENN.**

**No. CX-85-1613.**

Court of Appeals of Minnesota.

Feb. 11, 1986.

Review Denied April 11, 1986.

Joseph M. Boyle, International Falls, for appellant J. Robert Ryan.

Jerome Shermoen, International Falls, for respondent Helene Melby, Personal Representative of the Rose A. Glenn Estate.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Guardian appeals from the probate court order denying his surety attorney fees incurred in successfully defending against claims that the guardian had mismanaged the estate. Respondent also appeals, claiming the guardian's attorney fees should not have been awarded. We affirm in part, reverse in part and remand.

### FACTS

Appellant J. Robert Ryan was the guardian of the estate and person of Rose A. Glenn. When Rose Glenn died, a hearing on the final account to close the guardianship began on April 29, 1983. After the personal representative of Rose Glenn's estate accused appellant of mismanaging the estate, the court adjourned to enable appellant's surety to be given notice and an opportunity to protect its interests. After a hearing the trial court found that appellant had mismanaged the estate and was

liable for $28,500. On appeal this court reversed and remanded, finding that appellant had not mismanaged the estate. *In re Guardianship of Glenn*, 363 N.W.2d 348 (Minn.Ct.App.1985).

Appellant then moved for an amended final account, requesting guardian's fees and fees for the guardian's attorney and the surety's attorney for their joint appearance and defense. After a hearing the trial court, without memorandum, ordered the guardian's fees and the guardian's attorney's fees paid, but refused to allow any attorney fees for the surety's attorney. Appellant claims that the trial court erred in not allowing payment of the surety's attorney fees. Respondent, the personal representative of the Glenn estate, filed notice of review, claiming appellant's attorney fees should not be charged against the estate.

### ISSUES

1. Did the trial court err in charging the estate with the guardian's attorney fees incurred in defending guardian against allegations that he had mismanaged the estate?

2. Did the trial court err in denying payment for attorney fees that the guardian's surety incurred when it helped defend the guardian against allegations that he had mismanaged the estate?

### ANALYSIS

Pursuant to Minn.Stat. § 525.515(a) (1984), an attorney who performs services for the estate at the instance of the guardian shall be compensated for out of the estate in an amount that is "just and reasonable." In addition, pursuant to Minn. Stat. § 525.703 (1984), a lawyer who renders services that are necessary for administering the estate shall be entitled to "reasonable compensation from the estate of the ward." However, if the guardian has not acted in good faith, "the court shall order some or all of the fees or costs incurred in the proceedings to be borne by those not acting in good faith." *Id.*

■ Respondent argues that appellant's attorney fees should not be paid out of the estate. She argues that the services were performed for appellant personally and that the motion was untimely, so the issue is moot. It is clear that appellant's attorney's services were not performed for appellant personally. All of the services were performed during the final accounting, which appellant was required to make because he was the guardian of the estate. Although appellant would have been ultimately liable, there is no doubt that the attorney's services were rendered to the estate to complete the final accounting. Furthermore, practical considerations compel a finding that the services were not rendered for appellant personally because if they were, guardians and personal representatives would be subject to liability for attorney fees any time someone were to challenge their actions.

Respondent also argues that because the assets of the guardianship were delivered to the personal representative of the estate, the award of attorney fees from the guardianship is futile and meaningless because the guardianship has no assets. Because appellant did not earlier withhold money to insure payment, respondent argues he has waived his right to the fees. Therefore, respondent argues that appellant's request was untimely and the issue was moot.

■ We are not convinced by this argument. Appellant should not have been required to withhold money in order to pay his attorney fees. He did not know whether his actions would be vindicated or whether he would be held liable for his actions. Furthermore, he certainly could not have predicted how much his attorney fees would eventually be. We hold that appellant did not waive his right to have the estate pay his attorney fees when he did not set aside funds from the estate to pay for these fees.

■ In the present case, the attorney for the surety helped to defend the guardian against allegations of mismanagement of

the estate. Although the surety's attorney may not have performed the services "at the instance of the guardian," he clearly performed them with appellant's approval and in conjunction with appellant's attorney. The two attorneys worked as a team, with goals that were nearly identical. Although the surety's interests differed somewhat from the appellant's, the surety's attorney clearly worked to prove that appellant was not negligent in his duties. The surety's attorney helped with pretrial and trial matters. After the trial court found appellant negligent, the surety's attorney contributed considerable efforts in preparing for the appeal, which eventually vindicated appellant's final accounting.

Respondent argues that the trial court did not err because the services were gratuitously rendered by the surety in that there was no indication that the surety would be ultimately liable for the debt. Respondent also argues that the services performed by the surety merely duplicated those performed by appellant's attorney, so they should be disallowed because they were unreasonable.

■ We are not persuaded by the first argument. The surety did not voluntarily enter the proceedings but became involved in the proceedings when the trial court stopped the hearing and ordered the surety to become part of the proceedings. Although the surety may never have had to pay any of the judgment, there is no doubt that the surety might have been liable. Furthermore, there is little doubt that the surety could bring an action against appellant for the fees. The surety would probably be successful in this suit because the surety contract obliges appellant to indemnify the surety "against all loss, costs or expense of whatever nature that said Company may sustain by reason of having executed said bond * * *." *See* 72 C.J.S. *Principal and Surety* § 335(d)(2) (1951).

■ Appellant's second argument, that the services duplicated appellant's attorney's services, does have some merit. Although our record does contain records of attorney fees, it is difficult to determine which services, if any, were duplicated or were unnecessary. It does appear, however, that some of the services were duplicated and should not be allowed.

## DECISION

We affirm on the award of attorney fees to appellant's attorney and remand this matter to the trial court to award reasonable attorney fees to the surety's attorney.

Affirmed in part, reversed in part and remanded.