**In re the Marriage of Linda Kay HENRY, petitioner, Respondent,**

v.

**Robert Melroy HENRY, Appellant.**

**No. C3–86–1561.**

Court of Appeals of Minnesota.

April 28, 1987.

Helen H. Blanz, Grand Rapids, for respondent.

Paul F. Wojciak, Hibbing, for appellant.

Considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Robert Henry appeals the portion of the marital dissolution judgment that awards Linda Henry maintenance, fails to award him child support, values their homestead and orders it sold, allegedly fails to award him his nonmarital property, and awards Linda attorney's fees. We affirm in part, reverse in part, and remand for additional findings.

## FACTS

Linda and Robert Henry's marriage of 22 years was dissolved. The parties agreed that Robert would receive physical custody of their one minor child Richard, age 17. The trial court did not award child support.

The trial court found that Robert's net income is $1500 per month, and that monthly expenses for him and his son were $1300.

The trial court found that Linda has a gross income of $4.50 per hour, and that her monthly living expenses were $1000. She was employed as a word processor "off and on" for eight months prior to trial and had only resumed working fulltime the week before trial. She is subject to frequent lay offs and is looking for another job. She was awarded maintenance of $300 per month for 3 years.

The trial court accepted Linda's appraisal of the homestead at $118,000. It also ordered the homestead sold and the proceeds divided equally. Robert was awarded his business tools and equipment, valued at $30,000, "to offset his non-marital properties."

The remaining assets were divided as follows: each party received one-half the real estate and jointly-owned common stock. Linda was awarded all property in her possession, one car, and $600 in attorney's fees. Robert was awarded all other property, including the parties' seven other cars and trucks.

### ISSUES

Did the trial court err by not awarding appellant child support, in awarding maintenance, in valuation and distribution of property, and in awarding attorney's fees?

### ANALYSIS

■ 1. Child support determinations will not be reversed absent a clear abuse of discretion. *Reck v. Reck*, 346 N.W.2d 675, 677 (Minn.Ct. App.1984). Here, the trial court made the following findings on income and needs of the parties:

9. [Linda] is currently employed at Arrowhead Promotions and has a gross income of $4.50 per hour.

10. [Robert] is self-employed as owner and operator of an excavating contracting firm and derives therefrom a monthly net income of $1500.

11. [Linda] has monthly living expenses of $1,000 per month and [Robert] has monthly expenses for himself and the child of $1300 per month.

These findings are supported by the parties' testimony and are not clearly erroneous. They are sufficient to sustain the trial court's failure to award child support.

2. The standard of review of a trial court's maintenance award is whether the trial court abused its discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). That discretion is examined in light of the statutory guidelines of Minn. Stat. § 518.552.

■ Here, the trial court awarded Linda maintenance of $300 per month for 36 months. It made no findings under Minn. Stat. § 518.552, subds. 2(b), (c), (d), (e), (f), (g), and (h). Although it appears an award of maintenance might be proper, the trial court's failure to make findings does not allow meaningful appellate review. *See, e.g., Kroening v. Kroening*, 390 N.W.2d 851 (Minn.Ct.App.1986); *Durand v. Durand*, 367 N.W.2d 621 (Minn.Ct.App.1985).

■ 3. At the time of trial, Robert and Richard were living at the homestead. The trial court ordered that the homestead be sold and the net proceeds divided between the parties. The only relevant finding it made was that this is "the most appropriate disposition of this property."

Minn.Stat. § 518.63 (1986) provides:

The court, having due regard to all the circumstances and the custody of children of the parties, may award to either party the right of occupancy of the homestead * * * upon a final decree of dissolution * * * for a period of time determined by the court.

In *Goar v. Goar*, 368 N.W.2d 348 (Minn. Ct.App.1985), this court reversed an order that the homestead be sold immediately because the trial court's findings failed to indicate it had considered the impact such a sale would have on the parties and their minor children. *See id.* at 351–52; *see also Schuck v. Schuck*, 390 N.W.2d 2 (Minn.Ct. App.1986); *Valento v. Valento*, 385 N.W.2d 860 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. June 30, 1986); *Yackel v. Yackel*, 366 N.W.2d 382 (Minn.Ct.App. 1985).

 

*Goar* requires reversal here. The trial court's findings indicate that it did not take into consideration "all the circumstances and the custody of the [child]" in making its determination. *Goar*, 368 N.W.2d at 350.

■ A trial court's valuation will be upheld if it "falls within the range of credible estimates." *Maher v. Maher*, 393 N.W.2d 190, 193 (Minn.Ct.App.1986). It was not clear error for the trial court to accept Linda's appraisal of the homestead. Also, if the homestead is to be sold and the proceeds equally divided, the court's valuation is irrelevant. The sale will determine its market value.

4. Robert testified to his use of funds inherited from his father in the purchase of a building and certain heavy equipment and tools. He further testified he inherited certain other tools and equipment and other property from his father.

■ The trial court's findings do not specify which of the parties' current assets can be traced to nonmarital funds, how much that nonmarital share is now worth and the value of the property awarded to offset that share. We reverse the award of nonmarital property for specific findings on this issue.

■ 5. An award of attorney's fees under Minn.Stat. § 518.14 (1986) will not be reversed absent a clear abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 611 (Minn.1977). The record shows Linda's income to be low and much less than Robert's, and her employment uncertain. The trial court's award was within its discretion.

### DECISION

We reverse and remand for findings required by statute on maintenance, sale of homestead and award of nonmarital property. We affirm the trial court's failure to award child support, valuation of the homestead and its award of attorney's fees.

Affirmed in part, reversed in part and remanded.